ORIGINAL SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'24 MAY 7 PM2:44
KNB

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DELLA FAY PEREZ (01)<br>[redacted] | CASE NO.<br>7:24-mj-837<br><br>3-24CR-182-E |

# INDICTMENT

The Grand Jury charges:

At all times material to this indictment:

## Introduction

1. From on or about March 28, 2019 through on or about June 20, 2019, the defendants **Della Fay Perez**,[redacted]nd others, engaged in a fraudulent scheme to deposit checks issued by a Court-appointed Receiver to victims of a Ponzi scheme, and other business checks stolen from the mail.

## Individuals and Entities

2. **Della Fay Perez** is an attorney licensed to practice in the State of Texas. She is the owner and operator of the Law Offices of Della Fay Perez PC, with a principal location at 409 W. Nolana Avenue in McAllen, Texas. **Perez** maintained several IOLTA accounts, or Interest on Lawyers Trust Account, which are interest-bearing checking accounts that an attorney or law firm maintains for client funds nominal in amount or intended to be held for a short period of time.

[redacted]

[redacted]

5. The Receiver is a Dallas attorney appointed by a federal judge to oversee restitution claims arising from the 2012 conviction of a former chairman of an international bank who orchestrated a Ponzi investment fraud scheme in which the chairman misappropriated $7 billion. The Receiver processed claims and issued restitution checks to the victims. The Receiver checks were printed in Fort Worth, and entrusted to a private shipment company in the Northern District of Texas.

Financial Institutions

6. Bank 1 was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). **Della Fay Perez** had IOLTA accounts at multiple financial institutions, including two IOLTA accounts at Bank 1 ending in 0820 and 5874.

7. Bank 2 was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). The Receiver's Claims Administrator had a bank account at Bank 2 ending in 0782 that it used to issue restitution checks to victims of the Ponzi scheme.

**Paymaster Scheme**

8. From on or about March 28, 2019 through on or about June 20, 2019, the defendants **Della Fay Perez,** [redacted] engaged in a fraudulent scheme using Paymaster Agreements, under which they purported to have legitimate authority to deposit checks stolen from the mail.

9. A paymaster is a neutral third party appointed by a group of buyers, sellers, investors or lenders to receive, hold, and dispense funds, commissions, fees, salaries or other proceeds. In exchange for their services, a paymaster typically charges a small fee.

10. A Paymaster Agreement outlines the roles and responsibilities of the parties to the contract, including the paymaster, and identifies how the paymaster is to disburse funds.

11. On or about April 8, 2019, approximately 21 Receiver restitution checks payable to victims located in Mexico were mailed via a private shipment company. The checks were printed by a third-party vendor located in Fort Worth, Texas and mailed with a third-party shipment company from Fort Worth, Texas. The value of the checks totaled approximately $461,792.27.

12. The Receiver checks were stolen from the mail at an unknown location and never reached the victims of the Ponzi scheme.

13. Between on or about May 2, 2019 and May 29, 2019, 21 Receiver checks, totaling approximately $461,792.27, were deposited into an IOLTA account belonging to attorney **Della Fay Perez.** The checks were deposited in McAllen, Texas in the Southern District of Texas.

14. In addition to the Receiver checks, between on or about May 2, 2019 and June 20, 2019, multiple business checks drawn on U.S. companies, including companies based in the Northern District of Texas, that were intended for recipients in Mexico and the United States were deposited into **Perez**'s IOLTA accounts.

15. **Perez**'s law firm and [redacted] a sham entity that was purportedly working with a Mexican law firm representing victims of the

Ponzi scheme entitled to Receiver checks and other Mexican businesses, entered into two Paymaster Agreements.

16. When questioned about the deposits, **Perez** produced to Bank 1 "authorization packets" which contained falsified copies of the Mexican clients' passports, and a copy of the check to be deposited, including a forged signature for endorsement on the back of the check.

[redacted]

18. Over the seven-week period from on or about May 2, 2019 to June 20, 2019, 64 checks totaling $1,290,808.91 were deposited into **Perez**'s IOLTA accounts.

19. Between May 9, 2019 and June 19, 2019, **Perez** wired, withdrew or transferred $919,490.79 from her IOLTA accounts to numerous accounts in the United States and Mexico.

20. The 21 victims of the Ponzi scheme never received their checks from the Receiver, nor any portion of the money that was deposited into **Perez**'s IOLTA account. Similarly, the intended recipients of the business checks did not receive the funds from the checks deposited into **Perez**'s IOLTA accounts.

Count One
Conspiracy to Commit Bank Fraud
(Violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1344)

21. The allegations in paragraphs 1 through 20 of this indictment are realleged and incorporated by reference as though fully set forth herein.

22. Beginning on or about March 28, 2019 and continuing through June 20, 2019, the exact dates being unknown to the Grand Jury, in the Northern District of Texas, and elsewhere, the defendants **Della Fay Perez,** [redacted] did knowingly combine, conspire, confederate and agree together, and with each other, and with others known and unknown to the Grand Jury, did, with intent to defraud, knowingly devise and participate in a scheme and artifice to defraud a financial institution and obtain money or other property under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1344.

Purpose of the Conspiracy and Scheme

23. The purpose of the conspiracy was to: (a) steal checks from the mail; (b) fraudulently deposit the stolen checks into **Perez**'s IOLTA accounts; and (c) transmit the funds obtained through the fraudulent deposit of stolen checks to benefit individuals and companies known and unknown to the Grand Jury.

Manner and Means

24. The manner and means by which defendants, **Della Fay Perez,** [redacted] and others sought to accomplish the purpose of the conspiracy included, among other things:

25. Beginning on or about April 8, 2019, defendants **Della Fay Perez,** [redacted] and others fraudulently obtained checks that were printed in Fort Worth, Texas, and stolen from the mail.

26. From on or about March 28, 2019, and continuing until on or about May 29, 2019, defendants **Della Fay Perez,** [redacted] deposited checks stolen from the mail, totaling approximately $725,988.52, into the Bank 1 IOLTA account of the Law Offices of Della Fay Perez, P.C., ending in 0820. The stolen checks bore fake or unauthorized signatures for endorsement. Among the stolen checks deposited were 21 Receiver checks, intended as restitution for Ponzi scheme victims, totaling approximately $461,792.27, that were drawn on Bank 2 account ending in 0782.

27. From on or about May 9, 2019, and continuing until on or about June 11, 2019, defendant **Della Fay Perez**, and others known and unknown to the Grand Jury, initiated and sent international wire transfers, domestic wire transfers and issued checks totaling approximately $707,506.26 from **Perez**'s Bank 1 IOLTA account ending in 0820 to fraudulently benefit individuals and companies known and unknown to the Grand Jury.

28. On or about June 7, 2019, **Perez** opened a new IOLTA account ending in 5874, in the name Law Office of Della Fay Perez, P.C. at Bank 1 in McAllen, Texas.

29. From on or about June 11, 2019, and continuing until on or about June 20, 2019, defendants **Della Fay Perez,** [redacted] and others known and unknown to the Grand Jury, deposited approximately $564,820.39 from checks stolen from the mail into the Bank 1 IOLTA account ending in 5874.

30. From on or about June 18, 2019, and continuing until on or about June 19, 2019, defendant **Della Fay Perez**, and others known and unknown to the Grand Jury, initiated and sent international wire transfers, domestic wire transfers, and interbank account transfers, totaling approximately $211,984.53 from **Perez**'s Bank 1 IOLTA account ending in 5874 to individuals and companies known and unknown to the Grand Jury.

31. From on or about March 28, 2019 through on or about June 20, 2019, defendants **Della Fay Perez**, [redacted] made false and fraudulent representations to Bank 1, concerning **Perez**'s Paymaster Agreements and the fraudulent authorization packets including the following:

(a) The defendants had legal possession of the checks deposited into the Perez IOLTA accounts;

(b) The defendants had the authorization to deposit checks into the Perez IOLTA accounts although they were made payable to individuals and companies unrelated to the Perez Law Firm;

(c) The individuals and companies authorized the defendants to provide Paymaster services;

(d) The endorsement on the back of each deposited check was the signature of the true payee;

(e) The Bank 1 Perez IOLTA accounts were used by the defendants to provide legitimate Paymaster services to their clients;

32. The defendants' presentation of stolen checks with fake or unauthorized signatures for endorsement exposed both Bank 1 and Bank 2 to a risk of loss.

All in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1344.

[remainder of this page intentionally blank]

Counts Two through Twelve
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

33. The allegations in paragraphs 1 through 32 of this indictment are realleged and incorporated by reference as though fully set forth herein.

34. From on or about March 28, 2019 through on or about June 20, 2019, the defendants **Della Fay Perez**, [redacted] with intent to defraud, knowingly devised and intended to devise, and participated in a scheme and artifice to defraud a financial institution, and to obtain money and property under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations and promises.

35. On or about the dates set forth below, the defendants knowingly executed the above-described scheme by depositing stolen checks into **Perez**'s IOLTA account at Bank 1, each execution constituting a separate count:

| **Ct.** | **Check Date** | **Deposit Date** | **Payor** | **Intended Payee** | **Check No.** | **Amount** |
|---|---|---|---|---|---|---|
| 2 | 4/5/2019 | 5/3/2019 | A.A.L.C. | S.L. | 3000045454 | $19,107.93 |
| 3 | 4/8/2019 | 5/2/2019 | Receiver | J.G.M. | 506558 | $9,026.32 |
| 4 | 4/8/2019 | 5/17/2019 | Receiver | L.S.E. | 505929 | $8,436.00 |
| 5 | 4/8/2019 | 5/17/2019 | Receiver | M.E.S.C. | 505805 | $13,324.67 |
| 6 | 4/8/2019 | 5/29/2019 | Receiver | E.L.A. | 504445 | $27,750.00 |
| 7 | 4/8/2019 | 5/7/2019 | Receiver | E.D.T. | 504452 | $10,910.92 |
| 8 | 4/8/2019 | 5/29/2019 | Receiver | M.L.S. | 505995 | $25,762.04 |
| 9 | 4/8/2019 | 5/17/2019 | Receiver | A.D. | 506449 | $8,880.29 |
| 10 | 4/8/2019 | 5/17/2019 | Receiver | L.G.P.B. | 506022 | $16,750.52 |

| Ct. | Check Date | Deposit Date | Payor | Intended Payee | Check No. | Amount |
|---|---|---|---|---|---|---|
| 11 | 5/6/2019 | 6/11/2019 | H. | B.L.M. | 81601 | $16,740.00 |
| 12 | 5/13/2019 | 6/11/2019 | N.B.S. | A.P.C. | 130214 | $11,670.72 |

In violation of 18 U.S.C. § 1344(2).

Forfeiture Notice
(18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c))

36. Paragraphs 1 through 35 of this indictment are realleged and incorporated by reference as though fully set forth herein.

37. Upon conviction for the offenses alleged in Counts One through Twelve of this indictment and pursuant to 18 U.S.C. § 982(a)(2), defendants **Della Fay Perez,** [redacted] shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses, including a "money judgment" constituting the gross proceeds traceable to the offense.

38. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the below described property subject to forfeiture.

A TRUE BILL:

[redacted]

FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

ELYSE LYONS
Assistant United States Attorney
Northern District of Texas
Texas Bar No. 24092735
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: 214-659-8600
Fax: 214-659-8605
Email: elyse.lyons@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

DELLA FAY PEREZ (01)
[redacted]

SEALED INDICTMENT

18 U.S.C. § 1349 and 18 U.S.C. § 1344
Conspiracy to Commit Bank Fraud
(Count 1)

18 U.S.C. § 1344(2)
Bank Fraud
(Count 2-12)

18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c)
Forfeiture

12 Counts

A true bill rendered [redacted]

DALLAS FOREPERSON

Filed in open court this 7th day of May, 2024.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending